UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JACKSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>J. UHLIK, et al.,<br><br>　　　　　Defendants. | 1:13-cv-00966-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 13.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.　　BACKGROUND**

　　　Victor Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on June 21, 2013. (Doc. 1.)

　　　On July 10, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on October 18, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On November 18, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 13.)

## II. SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue allegedly occurred. Plaintiff names as sole defendant Food Manager J. Uhlik. Plaintiff's allegations follow, in their entirety:

///

> On May 14, 2013, I was given a food tray with graffiti carved in it with the shaving from the graffiti still stuck in the tray and mixed with the food. I have worked in the kitchen and I know the problem is coming from the scullery where they clean the trays morning and night, that is where the problem is. J. Uhlik is the overseer of the scullery and after all the complaints and 602's on this issue he is very much aware of the problem and doing nothing about it for over a year now. I can't say how many inmates have put in complaints and 602's about this same issue. I cannot get that type of information being an inmate. I do know it is not the tier officers' fault, although it falls on their shoulders. And that is not right when it is J. Uhlik's responsibility to make sure everything is satisfactory when it gets here to the SHU and he has failed to do so. Just my luck, I didn't check my food on the morning of May 14, 2013 and just started eating and began to choke to death swallowing eggs and plastic as it stuck in the back of my throat taking my breath away. As I struggled it finally went down, I thank God I am alive. I would like compensation for the negligence I have suffered.

Plaintiff requests monetary damages.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### Deliberate Indifference – Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian,

503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff's allegation that there were plastic shavings in his food and on his food tray, causing him to choke when ate a bite of food, is not sufficiently serious to state an Eighth Amendment claim. Moreover, Plaintiff fails to show any injury. Further, Plaintiff fails to allege facts demonstrating that the Defendant personally acted against him, or failed to act, while knowing of and disregarding a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state a claim for deliberate indifference upon which relief may be granted under section 1983.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against the Defendant. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any defendant

1  which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not
2  capable of being cured by amendment, and therefore further leave to amend should not be
3  granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

      Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

    Dated:   **May 21, 2014**                       **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE